**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EUNICE DESHIELDS,

    Plaintiff,

vs.                                        Case No. 3:14-cv-543-J-34MCR

JEH JOHNSON, Secretary, Department of Homeland Security; LORI SCIALABBA, Acting Director, Citizenship and Immigration Services; RUTH DOROCHOFF, District Director, Citizen and Immigration Services, Tampa, Florida; and WARREN JANSSEN, Field Office Director, Citizenship and Immigration Services, Orlando, Florida,

    Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 32; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on December 9, 2015. In the Report, Magistrate Judge Richardson recommends that Plaintiff's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 24; Plaintiff's Motion) be denied, and Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Supporting Memorandum (Doc. 25; Defendants' Motion) be granted. See Report at 2. Plaintiff, Eunice Deshields (Plaintiff) filed Plaintiff's Notice of Written Objections to Magistrate Judge's Report and Recommendation (Doc. 37; Objections), and Defendants responded in opposition. See Defendants' Response to Plaintiff's Objections to Report and Recommendation (Doc. 38). Accordingly, the matter is ripe for review.

1

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the record, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge to the extent that the Court will grant summary judgment in favor of Defendants and against Plaintiff. The Magistrate Judge correctly found that the rule requiring an asylum applicant to list all unmarried children under the age of twenty-one on the applicant's Form I-589 was duly promulgated under the APA. Additionally, the Magistrate Judge correctly found that the United States Citizenship and Immigration Services (USCIS) properly denied Plaintiff's application for derivative asylum on behalf of her daughter, Efe Teshyimensdu (Efe). The Court writes only to address Plaintiff's contention that "[w]hat the [Magistrate Judge] ignores is that the agency's instructions as to the Form I-730 change substantive eligibility for the benefit secured by the CSPA and the permissible regulation promulgated to implement[] that statute (8 C.F.R. §[ ]208.21, not 8 C.F.R. §[ ]208.3(a))." Objections at 3.

An alien wishing to apply for asylum must file Form I-589. Pursuant to 8 C.F.R. § 208.3(a), "[t]he applicant's spouse and children shall be listed on the application and may be included in the request for asylum if they are in the United States." 8 C.F.R. 208.3(a) (emphasis added). Pursuant to 8 C.F.R. § 208.21, when an alien is granted asylum but

2

did not include his or her spouse or children in the original request for asylum, the alien "may request accompanying or following-to-join benefits for his or her spouse or child," by filing a Form I-730 on behalf of each family member. The instructions to Form I-730 state: "[I]n order to be considered a derivative child, the principal alien must have listed the child on Form I-589 . . . prior to the derivative's 21st and prior to adjudication of the application." Administrative Record (Doc. 22-3) at 55.

The Child Status Protection Act, Pub. L. No 107–208, 116 Stat. 927 (2002) (CSPA) states, in relevant part:

> An unmarried alien who seeks to accompany, or follow to join, a parent granted asylum under this subsection, and who was under 21 years of age on the date on which such parent applied for asylum under this section, shall continue to be classified as a child for purposes of this paragraph and section 1159(b)(3) of this title, if the alien attained 21 years of age after such application was filed but while it was pending.

8 U.S.C. § 1158(b)(3)(B). The CSPA was enacted to prevent a child from "aging out" of eligibility for derivative status when the child was under the age of twenty-one at the time his or her parent applied for asylum but turned twenty-one while the application was pending. Matter of A-Y-M-, 25 I. & N. Dec. 791, 792 (BIA 2012). As the Magistrate Judge noted, "[t]he Attorney General may provide by regulation for any other conditions or limitations on the consideration of an application for asylum not inconsistent with [the CSPA]." 8 U.S.C. § 1158(d)(5)(B).

In her Objections, Plaintiff argues that the instructions to Form I-730 change a child's substantive eligibility for derivative status secured by the CSPA and 8 C.F.R. § 208.21. Objections at 3. However, the CSPA does not preserve a child's age indefinitely, but only "while [the parent's asylum application] was pending. See 8 U.S.C. §1158(b)(3). If the child was not included on the parent's asylum application, he or she did not age out due to

3

its pendency. Thus, it was not arbitrary and capricious, or inconsistent with the CSPA, for the Attorney General to find that a child's age is preserved after the adjudication of Form I-589 only if the child was listed on his or her parent's application.

Plaintiff's daughter Efe turned twenty-one during the pendency of Plaintiff's I-589 application. As Plaintiff failed to list Efe on her Form I-589, Efe's age ceased to be preserved in June of 2007, when Plaintiff's Form I-589 was adjudicated. In September of 2007, Plaintiff filed the Form I-730 on behalf of Efe. However, in September of 2007, Efe was over the age of twenty-one. Thus, USCIS did not act in an arbitrary and capricious manner when it denied Efe derivative status.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge as supplemented in this Order. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Notice of Written Objections to Magistrate Judge's Report and Recommendation (Doc. 37) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 32) is **ADOPTED** as the opinion of the Court as supplemented in this Order.

3. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Supporting Memorandum (Doc. 25), construed as a motion for summary judgment, is **GRANTED**.

4. Plaintiff's Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 24) is **DENIED**.

5. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of March, 2016.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record